IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD S. COHN, et al.                    :

    v.                                     :      Civil Action No. DKC 10-1820

KENDALL GREENE, et al.                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this foreclosure action is a motion filed by Plaintiffs Edward S. Cohn, Stephen N. Goldberg, Richard E. Solomon, and Richard J. Rogers (collectively, "Plaintiffs" or "Substitute Trustees") to remand this case to the Circuit Court for Montgomery County, Maryland. (Paper 14). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.  Background**

On November 6, 2006, Defendants Kendall and Karen Greene executed a promissory note evidencing their obligation to repay a refinancing loan from Mortgage Lenders Network USA, Inc., in the amount of $559,200, and a deed of trust pledging as security their property located in Germantown, Maryland ("the Property"). (Paper 2, Attach. 3, 4). The loan was subsequently assigned to

The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders, CWMBS 2007-6, CHL Mortgage Pass-Thru Trust 2007-6 Mortgage Pass-Thru Certificates ("the Trust"). On April 19, 2010, Plaintiffs' law firm provided Defendants with notice of the Trust's intent to foreclose on the Property due to their default on the mortgage, identifying the Trust as the assignee lender. (*Id*. at Attach. 1, 2). On June 7, the Trust appointed Plaintiffs as substitute trustees under the deed of trust (*id*. at attach. 6), and on or about June 14, Plaintiffs commenced a foreclosure action against Defendants in the Circuit Court for Montgomery County, Maryland (papers 2-7).

On July 7, Defendants, proceeding *pro se* and identifying themselves as "counterclaimants," removed the action to this court pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331. (Paper 1). Plaintiffs filed the pending motion to remand on July 28. (Paper 14).

**II. Standard of Review**

It is well settled that the removing party bears the burden of proving removal is proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," which is indicative of the reluctance of federal

2

courts "to interfere with matters properly before a state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 701-02 (D.Md. 1997) (internal quotation marks omitted).

**III. Analysis**

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question").

While the rambling arguments presented by Defendants in their notice of removal are difficult to discern, they appear to assert counterclaims based on federal law, which, they contend, serve as the basis for removal to this court. For example, they cite the National Banking Act, 12 U.S.C. § 21, *et seq.*, which established nationally chartered banks and vested them with certain powers, as providing a basis for federal jurisdiction. The thrust of Defendants' argument appears to be that they have "no obligation of debt" because the Trust was "not the holder of a note" on the Property due to its participation in an "unlawful scheme acting under color of authority of statute and thus committing frauds in regard[] to United States Banking Statutes and practices." (Paper 1, at 1).

In determining the propriety of removal, however, courts generally look to the face of the underlying pleading. *See Griffin v. Ford Consumer Finance Co.*, 812 F.Supp. 614, 616 (M.D.N.C. 1993) (quoting *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)). Here, there is no federal question presented by the Order to Docket Foreclosure of Residential Property or the accompanying papers filed by Plaintiffs in state court. To the contrary, the pleading cites various provisions under the Real Property Article of the Annotated Code of Maryland and the Maryland Rules as grounds for the foreclosure action. (Paper 2, Attach. 1). To the extent that Defendants

4

challenge Plaintiffs' ability to enforce the promissory note and deed of trust, such determinations are governed exclusively by Maryland law.  *See* Md. Code Ann., Comm. Law §§ 3-101, *et seq.*  Moreover, any defensive claims Defendants may wish to present cannot provide a basis for removal jurisdiction.  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331").  Thus, the case cannot be sustained in this court on the basis of federal question jurisdiction.  Because all parties are Maryland residents, there is not complete diversity of citizenship such that jurisdiction could be proper under 28 U.S.C. § 1332.  Accordingly, the case was improperly removed by Defendants.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge